**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVEN KALCH,**

    **Plaintiff,**

**v.**                                            Case No:  6:16-cv-1529-Orl-40KRS

**RAYTHEON TECHNICAL SERVICES**
**COMPANY, LLC and RAYTHEON**
**COMPANY,**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT RAYTHEON COMPANY'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES (Doc. No. 60)**
>
> **FILED:**      **March 3, 2017**

Plaintiff, Steven Kalch, filed this federal Whistleblower Retaliation case against Defendants, Raytheon Technical Services Company, LLC and Raytheon Company (collectively "Raytheon"). Kalch also alleged a claim for wrongful termination under Missouri law. Doc. No. 1. Raytheon appeared and answered the complaint. Doc. No. 43.

Raytheon propounded interrogatories and requests for production of documents to Kalch. In the present motion, Raytheon asks the Court to compel Kalch to provide complete answers to interrogatories 4, 5, 6, 10, 18 and to produce documents responsive to requests 7, 19, 20, 23, 24, 33,

35, and 36. Raytheon also asks for an award of attorney's fees and costs and additional relief. Kalch responded to the motion. Doc. No. 63. Therefore, the motion is ripe for review.

*Waiver of Objections.*

Raytheon argues that Kalch waived all objections to discovery requests by failing to respond to them within the time allowed by the Federal Rules of Civil Procedure.

Turning first to Raytheon's first set of interrogatories and requests for production, this discovery was served on October 14, 2016. Doc. No. 60-1, at 24. Under the rules, Kalch's response was due on or before November 16, 2017.[1] Kalch served his responses to this discovery request on November 23, 2016. Doc. No. 60-2, at 19. In the response to the motion, counsel for Kalch does not address the argument that the answers to these interrogatories were untimely. The Court finds that because the answers to this discovery request were untimely served, all objections to these interrogatories except privilege and protection claims have been waived. *See, e.g., Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at * 3 (M.D. Fla. Dec. 7, 2011).

Raytheon served its second set of interrogatories on December 7, 2016. Doc. No. 60-4, at 20. Under the December 1, 2016 amendments to the Federal Rules of Civil Procedure, Kalch's response to this discovery request was due on or before January 6, 2017.[2] Kalch responded to this discovery request on January 9, 2017. Doc. No. 60-9. Because the answers to this discovery

---

[1] Before the amendments to the Federal Rules of Civil Procedure effective December 1, 2016, responses to interrogatories were due 30 days after service plus 3 additional days for electronic mailing. Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2)(A).

[2] Effective December 1, 2016, 3 additional days for electronic mailing were no longer added to the 30-day period to respond to interrogatories. Fed. R. Civ. P. 6(d).

request were untimely served, all objections to this discovery request except privilege and protection claims have been waived.

*Interrogatories in Dispute*.

**Interrogatory 4**.   In interrogatory 4, Raytheon asks whether, in the past, Kalch had suffered any personal injury or been involved in any accident.   Doc. No. 60, at 9.   In the response to the motion, Kalch's counsel states that she agreed with counsel for Raytheon to request medical records from the Department of Veterans Affairs ("VA") limited to issues regarding Kalch's claim for emotional pain and suffering.   Doc. No. 63, at 3; *see also* Doc. No. 60-10.[3]   Counsel for Kalch states that she has obtained these medical records and will produce them in redacted form on or before March 20, 2017.   Based on the agreement between counsel, the motion to compel a further response to interrogatory 4 is **DENIED without prejudice** to renewing it, before the close of discovery, if production of documents containing all information responsive to this interrogatory (as narrowed by agreement of counsel) is not completed by March 20, 2017.

**Interrogatory 5**.   In this interrogatory, Raytheon asks Kalch for all diagnoses and treatment for any mental condition.   Doc. No. 60, at 10.   In the response to the motion, counsel for Kalch suggests that the agreement to produce medical records extends to this interrogatory. Doc. No. 63, at 4.   Accordingly, based on the agreement between counsel, the motion to compel a further response to interrogatory 5 is **DENIED without prejudice** to renewing it, before the close of discovery, if production of documents containing all the information responsive to this interrogatory is not completed by March 20, 2017.[4]

---

[3] Federal Rule of Civil Procedure 33(d) permits a party to produce documents in lieu of answering an interrogatory in limited circumstances.

[4] If a renewed motion to compel is filed, counsel for the parties shall provide a joint stipulation regarding the

**Interrogatory 6**.   In this interrogatory, Raytheon asks for all damages claimed by Kalch. Kalch provided a sufficient response to this interrogatory.   Therefore, the motion to compel a further response to interrogatory 6 is **DENIED**.

**Interrogatory 10**.   In this interrogatory, Raytheon asks for any statements Kalch made concerning any claims he has against Raytheon.   Kalch produced a tape recording and email correspondence.   Doc. No. 60, at 12.   Raytheon complains that the tape recording is of poor quality, but counsel for Kalch responds that the tape recording has now been transcribed.   Kalch also provided an additional audio recording on February 9, 2017, and his counsel acknowledges that Kalch destroyed a third tape recording.   It appears from this response that Kalch has now produced all responsive recordings in his possession, custody or control.

As for emails, Raytheon complains that Kalch did not identify which emails that have been produced are responsive to this interrogatory.   This is an issue that could and should have been resolved in a meeting between counsel for the parties in a good faith effort to resolve this issue.

For these reasons, the motion to compel a further response to interrogatory 10 is **DENIED without prejudice** to filing a renewed motion before the close of discovery, after an in-person conference between counsel to resolve the email production dispute.

**Interrogatory 18.**   In this interrogatory, Raytheon asks for pharmacy information for the past five years.   Counsel for Kalch responds that counsel agreed to produce pharmacy records, but she does not indicate the progress being made in this production.   Because discovery closes

---

terms of their agreement and the discovery requests to which it applied.   If the terms of the agreement are in dispute, each attorney who participated in the telephone call in which the agreement was reached shall file a sworn statement stating the extent and scope of the agreement and the discovery requests to which the agreement applied.   If the Court must resolve disputed issues of fact, counsel shall be prepared to appear at an evidentiary hearing on short notice.

on April 3, 2017, further delay in producing the records is not warranted.   Accordingly, the motion to compel a response to interrogatory 18 is **GRANTED**.   It is **ORDERED** that, on or before March 24, 2017, Kalch shall produce pharmacy records containing all the information responsive to interrogatory 18 or a complete sworn response to interrogatory 18 if the pharmacy records are not then available.   No further objections may be asserted to interrogatory 18.

*Request for Production in Dispute*.

**Request 7**.   In this request, Raytheon asks for all diaries, journals, calendars or similar documents that relate to the period at issue.   Kalch produced documents except for a timeline he created for his attorney, which he contends is protected by the attorney-client privilege.   In response to the motion, Kalch did not produce a privilege log.   Kalch also did not present any evidence to support his counsel's unsworn assertion that this timeline was created by Kalch to provide information to his attorney for the purpose of receiving legal advice.   This is insufficient to support the privilege claim.   Accordingly, it is **ORDERED** that the motion to compel a further response to request 7 is **GRANTED** to the extent that, on or before March 24, 2017, Kalch shall produce to counsel for Raytheon a privilege log in the form required by my Standing Order on Privilege Logs, www.flmd.uscourts.gov – Judicial Info – Magistrate Judge Spaulding – Standing Orders, and a sworn statement establishing each element of the attorney-client privilege as to the timeline.   No additional objections, privileges or protections may be asserted.

**Request 19**.   In this request, Raytheon asks for all documents that relate to Kalch's medical, psychological and/or counseling reports from January 1, 2010 or, in lieu thereof, completion of a release form.   In a supplemental response, Kalch stated that he would provide a release for medical care after his termination.   Doc. No. 60, at 14.   As discussed above, counsel agreed that counsel for Kalch would obtain certain medical records, and those records are to be

produced by March 20, 2017. In the response, Kalch does not address why he has not signed the requested release he agreed to produce. Accordingly, it is **ORDERED** that the motion to compel production of a release to permit counsel for Raytheon to obtain the requested documents is **GRANTED** as to records that are not produced by March 20, 2017. It is further **ORDERED** that Kalch shall produce this signed and, if necessary, sworn release to counsel for Raytheon on or before March 24, 2017. No additional objections may be asserted.

**Request 20**. In this request, Raytheon asks for Kalch's tax returns and accompanying documents from January 1, 2010 to the date of the request. In a supplemental response, Kalch agreed to produce responsive documents that are in his possession custody or control. Doc. No. 60, at 15. Counsel for Kalch responds that Kalch is out of the United States and does not have access to his tax records. Doc. No. 63, at 6. Kalch filed this case and it is his obligation to gather records within his possession, custody or control, even if that requires him to return to the United States to do so.[5] Therefore, the motion to compel production of documents responsive to request 20 is **GRANTED**. It is **ORDERED** that Kalch shall produce responsive documents on or before March 24, 2017. No additional objections may be asserted to this request.

**Requests 23 and 24**. In these requests, Raytheon asks for applications for employment from January 1, 2014 and resumes Kalch has used after his employment with Raytheon ended. In supplemental responses, Kalch states that he has no responsive documents in his possession, custody or control. Doc. No. 60, at 16-17. Counsel for Raytheon's argument that these responses "cannot possibly be true" is not supported by any evidence that Kalch has responsive

---

[5] I note that Kalch was in the United States for his deposition on February 28, 2017, and he has agreed to return for the continuation of his deposition later this month. Doc. No. 60, at 6.

- 6 -

documents.  Counsel's mere speculation is insufficient to override Kalch's responses.  Therefore, the motion to compel production of documents responsive to requests 23 and 24 is **DENIED**.

**Request 33**.  In request 33, Raytheon asks for all documents not previously produced that Kalch may introduce at a deposition or a hearing.  Kalch responds that he has not withheld any responsive documents.  This response is sufficient.  Accordingly, the motion to compel production of documents responsive to request 33 is **DENIED**.

**Request 35**.  In this request, Raytheon asks for pharmacy records and a release form. Doc. No. 60, at 17-18.  In response to the motion, counsel for Kalch refers to counsel's agreement that Kalch would obtain his records and produce them.  Doc. No. 63, at 7.  Counsel does not state, however, when the pharmacy records will be produced.  Accordingly, it is **ORDERED** that the motion to compel production of documents responsive to request 35 is **GRANTED**.  Based on the agreement of counsel, Kalch shall produce all documents responsive to this request on or before March 24, 2017, and because the documents have not yet been produced Kalch shall also produce the signed, and sworn release form, by that date.

**Request 36**.  In this request, Raytheon asks for a signed Military Records release form. Doc. No. 60, at 18.  In response to the motion, counsel for Kalch states that Kalch has requested his military records but he has not received them.  Doc. No. 63, at 7.  Because the close of discovery is rapidly approaching, the motion is **GRANTED**.  It is **ORDERED** that Kalch shall produce the signed, and sworn if necessary, Request for Military Records release form on or before March 24, 2017.

- 8 -

*Additional Relief Requested.*

Raytheon asks that the Court require Kalch to pay the reasonable expenses, including attorney's fees, it incurred in filing the motion. Because the motion has been granted in part and denied in part, the request to award such expenses is **DENIED**. Fed. R. Civ. P. 37(a)(5)(C).

Raytheon also asks that the Court give it 30 days after complete responses to its discovery requests are served to re-depose Kalch and to conduct follow-up discovery. Doc. No. 60, at 2. Raytheon could have filed its motion to compel more promptly to allow it sufficient time in the discovery period to complete follow-up discovery. The delay in filing a motion to compel does not provide good cause for allowing discovery to continue after the discovery deadline set by the Court. Therefore, the request to extend the discovery period is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE