**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

STEVEN KALCH,

    Plaintiff,

v.                                                                      Case No: 6:16-cv-1529-Orl-40KRS

RAYTHEON TECHNICAL SERVICES
COMPANY, LLC, and RAYTHEON
COMPANY,

    Defendants.

## ORDER

This cause comes before the Court on Defendants' "Motion for Immediate Court Order Setting the Location of Today's In-Person Attorney Pretrial Meeting" (Doc. 86), filed July 11, 2017. Counsel for Defendants describes the parties' inability to agree on the location of today's in-person meeting to prepare the Joint Final Pretrial Statement. Defendants' counsel wants the meeting to occur in Tampa. Plaintiff's counsel wants to meet in Orlando. Seemingly worlds apart with no hope of compromise, Defendants' counsel makes a last-second plea for the Court to decide the matter on an emergency basis. The Court declines counsel's invitation.

This Court's Local Rules require the parties' lead counsel to meet in person prior to the Final Pretrial Conference in a good faith effort to resolve the case, exchange witness and exhibit lists, mark and examine exhibits, and prepare a Joint Final Pretrial Statement to be filed with the Court. *See* M.D. Fla. 3.06(b). However, the Court is unaware of any legal authority imposing on the Court the duty to act as counsel's administrative assistant. The Court presumes that the parties' respective counsel in this case are adults, capable of managing their own schedules and itineraries and endowed

1

with the ability to work together in a professional manner. The Court therefore expects counsel to zealously employ these skills to resolve this dispute on their own, lest they wish to face a sanction worthy of missing a court-imposed deadline.

As a final matter, there should be no doubt that the circumstances described in Defendants' motion do not rise to the level of an emergency. "Emergencies generally involve risks to the health and safety of individuals, situations where a person is about to be deported, scenarios involving the imminent destruction of property, circumstances under which a business is in real danger of immediate failure or significant financial collapse, or cases where someone is at risk of being denied an essential service." *VMR Prod., LLC v. Elec. Cigarettes Outlet, LLC*, No. 12-23092, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013). "The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." M.D. Fla. R. 3.01(e). Accordingly, the Court will admonish Defendants' counsel for requesting emergency relief where it is clearly not warranted.

It is **ORDERED AND ADJUDGED** that Defendants' Motion for Immediate Court Order Setting the Location of Today's In-Person Attorney Pretrial Meeting (Doc. 86) is **DENIED**. Counsel for Defendants, Vanessa Patel and Kevin D. Zwetsch, are **ADMONISHED** for preparing and filing the motion.

**DONE AND ORDERED** in Orlando, Florida on July 11, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record